# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV284-C

| | |
|---|---|
| RUBBERMAID INCORPORATED )<br>(d/b/a RUBBERMAID FOOD )<br>SERVICES PRODUCTS), )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>SATELLITE COOLING, LLC, and )<br>WARREN ENTERPRISES, LLC, )<br> )<br> )<br>Defendants. )<br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion to Transfer Venue" (document #4) and "Brief in Support ..." (document #5), both filed September 19, 2008; and the Plaintiff's "Response ..." (document #6) filed October 6, 2008.

On October 14, 2008, the Defendants filed their "Reply ..." (document #7).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Defendants' Motion to Transfer Venue, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is an action to recover damages for breach of contract and a declaratory judgement that the Plaintiff has no further obligation under the contract. The Plaintiff, Rubbermaid Incorporated, is an Ohio corporation headquartered in Huntersville, Mecklenburg County, North Carolina. The

Defendants, Satellite Cooling, LLC, and Warren Enterprises, LLC, are Illinois limited liability companies maintaining their principal places of business in Mundelein, Illinois. In its Complaint, the Plaintiff alleges that on May 10, 2007, the parties entered into an agreement granting the Plaintiff an exclusive license for the Defendants' patented "food cooling system" (the "License Agreement"). Pursuant to the terms of the License Agreement, the Plaintiff made an initial payment of $750,000 to the Defendants. The License Agreement also provided that the Plaintiff could terminate the agreement for any reason upon sixty days prior written notice.

The Plaintiff further alleges that subsequently it discovered that the Defendants had misrepresented that the food cooling system had been given a certification from third-party public health and safety company, NSF International. In fact, the Plaintiff contends, the system had not received NSF certification, which significantly reduced the product's commercial value.

Sometime in January 2008, the Plaintiff sent the Defendants written notice of its intent to terminate the License Agreement.

On June 19, 2008, and after the Defendants allegedly continued to demand future payments under the License Agreement, the Plaintiff filed its Complaint in the United States District Court for the Western District of North Carolina, seeking $750,000 in damages for breach of contract and a declaratory judgment that the Plaintiff has no further obligation pursuant to the License Agreement.

On September 19, 2008, the Defendants filed their Motion to Transfer Venue, conceding that this District is a proper venue and that the case load per judge is higher in the Northern District of Illinois than in this District, but arguing that the proposed transferee district would be more convenient because the Defendants' records, its employee-witnesses, and some third-party witnesses are located in that district.

In its Response, the Plaintiff points out that all of its operations that relate to the License Agreement are located in this District and that the "overwhelming majority" of its potential employee-witnesses, 20 in all, work in its Huntersville office.

The Defendants' Motion has been fully briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

The Defendants have moved for transfer to the United States District Court for the Northern District of Illinois for the "convenience of the parties" under 28 U.S.C. §1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Supreme Court has noted that this provision is:

> intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under §1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quotations and citations omitted).

The factors commonly considered in deciding a transfer of venue motion include:

1. The plaintiff's initial choice of forum;
2. The residence of the parties;
3. The relative ease of access of proof;
4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses;
5. The possibility of a view;
6. The enforceability of a judgment, if obtained;
7. The relative advantages and obstacles to a fair trial;
8. Other practical problems that make a trial easy, expeditious, and inexpensive;
9. The administrative difficulties of court congestion;
10. The interest in having localized controversies settled at home and the appropriateness

    in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of unnecessary problems with conflict of laws.

See, e.g., AC Controls Co. V. Pomeroy Computer Resources, Inc., 284 F.Supp. 2d 357, 362-63 (W.D.N.C. 2003) (considering factors and transferring venue); Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) ("generally, a plaintiff's choice of forum should be accorded great weight, and should not be lightly disturbed"); Rice v. BellSouth Advertising & Pub. Corp., 240 F.Supp.2d 526, 529 (W.D.N.C.2002) ("[a] court should analyze each of these factors both quantitatively and qualitatively"); D.P. Riggins & Associates, Inc. v. American Board Companies, Inc., 796 F.Supp. 205, 211-12 (W.D.N.C. 1992); Uniprop Mfrd. Housing Communities Income Fund v. Home Owners Funding Corp. of America, 753 F.Supp. 1315, 1322 (W.D.N.C. 1990); and McDevitt & Street Co. v. Fidelity & Deposit Co. of Md., 737 F.Supp. 351, 354 (W.D.N.C.1990).

  The Supreme Court has also stated that "[w]hen considering and weighing the factors on a § 1404(a) motion to transfer, the plaintiff's choice of forum is accorded great weight, particularly where the plaintiff has brought suit in its home forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). Moreover, in this district, it is well settled that where the plaintiff has chosen the forum where it resides, transfer to another venue should be allowed only "where the interests of justice weigh heavily in favor of transfer to another district." Nutrition & Fitness, Inc., 264 F.Supp.2d at 362. "Where transferring venue would do little more than shift the balance of inconvenience from one party to another, the plaintiff's choice of forum is determinative." Orrell v. Motorcarparts of America, Inc., ___ F. Supp. 2d. ___, ___ (W.D.N.C. March 22, 2007). Accord Phillips v. S. Gumpert Co., Inc., 627 F. Supp. 725, 726-27 (W.D.N.C. 1986) ("[a] plaintiff's choice

of a proper forum is a paramount consideration in any determination of a transfer request, and that choice . . . should not be lightly disturbed").

Based on the foregoing, the undersigned finds that this case should be litigated in the Western District of North Carolina, the Plaintiff's chosen forum and the federal district in which it is headquartered. Rather than meeting their burden of showing that the other factors heavily favor the Northern District of Illinois, the Defendants have only alleged that the alternate forum is more convenient to them. Indeed, the Defendants concede that the case load per judge is heavier in the Northern District of Illinois than in this District, and there is no indication in the record concerning obstacles to a fair trial in this forum, any other practical problems with conducting a trial in this forum, or any difficulties with the enforceability of a judgment in this forum, and there has been no asserted need for viewing any immovable items located in Illinois. Finally, this Court is certainly more familiar with the substantive law governing the Plaintiff's state law claims.

In short, where transferring venue would, at most, shift the balance of inconvenience from the Defendants to the Plaintiff, the Plaintiff's choice of forum controls and, accordingly, the Defendants' Motion to Transfer Venue will be <u>denied</u>

### III. <u>ORDER</u>

**NOW, THEREFORE, IT IS ORDERED**:

1. The Defendants' "Motion to Transfer Venue" (document #4) is **DENIED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.

Signed: October 15, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge